Filed 7/19/24  P. v. Trujillo CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> RENE PRECIADO TRUJILLO, <br><br> Defendant and Appellant. | F087083 <br><br> (Super. Ct. No. 4006912) <br><br><br> **OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Linda A. McFadden, Judge.

Joshua L. Siegel, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Franson, Acting P. J., Peña, J. and Meehan, J.

# INTRODUCTION

This opinion constitutes our second time addressing this matter. In our first opinion, we directed the trial court to resentence defendant Rene Preciado Trujillo, but affirmed in all other respects. (*People v. Trujillo* (May 15, 2023, F084084) [nonpub. opn.].) This second appeal concerns the resentencing hearing that took place in October 2023. Defendant's appointed appellate counsel filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We informed defendant of his right to file a supplemental brief within 30 days, but defendant elected not to do so.

After independently reviewing the record, we affirm.

# FACTUAL BACKGROUND

Defendant threatened and kidnapped a young woman he happened upon while she was sitting in her car in the early morning hours of March 31, 2018. He forced her to drive her car to a dark alley, directed her to park the car and assaulted her. Defendant then forced the victim into the passenger seat and started driving her car around. After several hours and another physical assault by defendant, the victim was able to escape when the car ran out of gas. Law enforcement was summoned, defendant was apprehended shortly thereafter, and the victim was taken to the hospital.[1]

After a trial by jury, defendant was convicted of kidnapping during a carjacking (Pen. Code § 209.5, subd. (a); count II);[2] kidnapping with intent to commit sexual penetration (§ 209, subd. (b)(1); count III); assault with intent to commit sexual penetration by force, copulation by force, or rape by force (§ 220, subd. (a)(1); count IV);

---

[1] This summarization of the facts is derived from our prior nonpublished opinion (*People v. Trujillo, supra*, F084084)). A more detailed recitation of the underlying facts was provided in that opinion, and we do not repeat those facts here.

[2] All statutory references are to the Penal Code unless indicated otherwise.

felony assault likely to produce great bodily injury (§ 245, subd. (a)(4); count V); and felony criminal threats (§ 422, subd. (a); count VI). The jury deadlocked on one count of oral copulation by force (former § 288a, subd. (c)(2)(A); count I), a mistrial was declared as to that charge, and count I was dismissed after trial.

The trial court sentenced defendant to a determinate term as follows: the upper term of six years on count IV, a consecutive one-year term on count V (one-third the three-year middle term), and a consecutive term of eight months on count VI (one-third the two-year middle term). The trial court also imposed an indeterminate term of life with the possibility of parole on count II; followed by life with the possibility of parole on count III, but stayed that latter sentence pursuant to section 654. The aggregate sentence imposed was seven years eight months determinate, followed by a term of life with the possibility of parole. Defendant was awarded 1,438 days of actual presentence credits plus 215 days of conduct credits.

On appeal, we concluded the imposition of the upper term on count IV, absent any properly proven aggravating circumstances, violated section 1170, subdivision (b). Although affirmed in all other respects, the case was remanded for a full resentencing to comply with section 1170, subdivision (b). At resentencing in October 2023, the prosecution admitted certified records showing defendant's prior criminal history.[3] Based on these records, the trial court found defendant's prior convictions were numerous and increasing in seriousness, and again elected to impose the upper term on count IV

---

[3] The certified records confirm defendant suffered multiple prior felony convictions between 2002 and 2017, including for unauthorized possession of a controlled substance (Health & Saf. Code, § 11377), vehicle theft (Veh. Code, § 10851), evading a peace officer (Veh. Code, § 2800.2), illegal possession of a firearm (former § 12021, subd. (a)(1), now § 29800, subd. (a)(1)), false personation of another (Pen. Code, § 529), and possession of a stolen vehicle (Pen. Code, § 496d), in addition to other misdemeanor convictions. In that 15-year period, defendant was sentenced to multiple prison terms; each time defendant was out of custody, he perpetrated additional crimes, culminating in the commission of the current offenses in March 2018.

pursuant to section 1170, subdivision (b)(2) and (b)(3). In all other respects, the trial court similarly reimposed the same sentence, and indicated the Department of Corrections and Rehabilitation would calculate defendant's conduct credits as appropriate. The aggregate sentence imposed was seven years eight months determinate, followed by an indeterminate term of life with the possibility of parole.

On January 19, 2024, while this appeal was pending, appointed appellate counsel for defendant filed a motion with the trial court seeking the correction of presentence credits to include all days in custody from the date of defendant's arrest up to and including the date of resentencing.[4] On February 8, 2024, the trial court held a hearing and indicated defendant's actual custody credits would be updated to reflect 2,034 days of actual presentence custody credits. The trial court issued an amended abstract of judgment reflecting this correction.

## DISCUSSION

Defendant's appointed appellate attorney filed a brief on appeal without raising any specific issues, asking us to review the record to determine if any issues warrant briefing, as provided in *Wende, supra*, 25 Cal.3d 436. We advised defendant that he could file a supplemental brief on his own behalf within 30 days after the *Wende* brief was filed. Defendant elected not to file such a brief.

Having independently reviewed the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The trial court's order is affirmed.

---

[4] Pursuant to section 1237.1, "No appeal shall be taken by the defendant from a judgment of conviction on the ground of an error in the calculation of presentence custody credits, unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction of the record in the trial court, which may be made informally in writing. The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the calculation of presentence custody credits upon the defendant's request for correction."